IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROLANDO REINER DENEKE

    Petitioner,                      No. CIV S-10-3089 GGH P

   vs.

GARY SWARTHOUT,

    Respondents.               ORDER &
                                     FINDINGS AND RECOMMENDATIONS
_____/

       Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

       Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

       Petitioner seeks habeas relief regarding a prison disciplinary finding for possession of a weapon. Petitioner alleges that the incident was referred to the District Attorney's office where he pled nolo contendere. Petitioner states that more than 30 days after the plea he also pled guilty in a prison disciplinary hearing where we was assessed 360 days of

\\\\\

credit forfeiture.[1]  The disciplinary hearing was held approximately 35 days after petitioner pled nolo contendere, which petitioner states is in violation of CDCR regulations that require the hearing to be held within 30 days.  However, a review of petitioner's petition indicates that prison officials denied his inmate appeal, because the 30 day period does not begin until the prison receives official notice from the District Attorney's office, not the day the plea occurred.

In the instant case, it is immaterial if the prison disciplinary hearing was held within the 30 day period or 35 days.  While habeas jurisdiction exists for expungement of a disciplinary finding, see Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), petitioner has not set forth a cognizable claim challenging the disciplinary finding.

The Supreme Court has constantly admonished that federal courts in habeas corpus jurisdiction do not sit to enforce state law requirements.  Estelle v. McGuire, 502 U.S. 62, 67, 72-73, 112 S.Ct. 475 (1991).  Rather, if state law has created a liberty interest under the federal Constitution, the process due on account of that federal interest is determined by federal law.  In other words, the federal liberty interest created by state law does not constitutionalize the entire state process underlying the state law creating the liberty interest – federal law determines the minimum due process standards applicable to the interest.  Moran v. Godinez, 57 F.3d 690, 698 (9th Cir. 1994).  See also Rivera v. Illinois, __U.S.__, 129 S. Ct. 1446, 1454 (2009): "'The Due Process Clause, our decisions instruct, safeguards not the meticulous observance of state procedural prescriptions, but "the fundamental elements of fairness in a criminal trial."'; see e.g., Greenholtz v. Inmates of Nebraska etc., 442 U.S. 1, 14, 99 S.Ct. 2100 (1979) (determining the federal process due, after finding state law created a liberty interest, under the factors set forth in Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893 (1978); Wolff v.McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974) (same).  Of course, state provided process may dovetail with federal due process requirements, but state process is not adopted in full simply because it underlies the state

---

[1] Petitioner concedes that he was subject to 181-360 days of credit forfeiture for his offense.  Petition at 16.

created counterpart.

Assuming petitioner's allegations are accurate, a violation of CDCR regulations and a hearing approximately a week after the 30 day deadline do not involve fundamental fairness such that the state time limits would be constitutionalized. Thus, petitioner has failed to set forth a federal claim. Nor would this claim succeed in a civil rights action. Petitioner's habeas petition should be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

2. The Clerk of the Court assign a District Judge to this case.

IT IS HEREBY RECOMMENDED that this case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 13, 2010

   /s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH: AB
dene3089.dis